UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BELLWETHER ENTERPRISE REAL ESTATE CAPITAL          CIVIL ACTION

v.                                                 NO. 19-10351

CHRISTOPHER JAYE and KRISTI MORGAN                 SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss the plaintiff's complaint on the ground of res judicata. For the reasons that follow, the motion is DENIED.

**Background**

This contract dispute arises from a project to rebuild a New Orleans East housing community ravaged by Hurricane Katrina and a loan secured to fund the project. Principally at issue is the interplay between res judicata (or claim preclusion) and crossclaims asserted under Federal Rule of Civil Procedure 13(g).

Christopher Jaye and Kristi Morgan own Mirus New Orleans, LLC. Mirus is a real estate developer of the Village of Versailles, a multi-family housing complex in New Orleans East. Jaye and Morgan financed the project through a commercial mortgage loan from Bellwether Enterprise Real Estate Capital. As a condition of the loan, Jaye and Morgan entered into an Extension Fee Agreement, promising to pay Bellwether a monthly fee in the event the mortgage

1

note evidencing the loan was not finally endorsed by August 31, 2018.

Final endorsement did not follow; litigation did. In September 2018, the contractor on the project, Broadmoor, LLC, pointed to missed payments and sued Mirus, Bellwether, and others in this Court. But the suit soon settled. And in March 2019, the parties stipulated to a with-prejudice dismissal of the "action," excepting "CREA Corporate Tax Credit Fund 40, LLC's claim for attorneys' fees, costs and expenses against Mirus[.]" See Broadmoor, LLC v. Mirus New Orleans, LLC, No. 18-9064-MLCF-JVM, docket entry 30 (E.D. La. Mar. 25, 2019). No crossclaims were filed.

Two months later, Bellwether brought a separate suit against Jaye and Morgan in this Court, alleging breach-of-contract claims. Bellwether complains, in particular, that Jaye and Morgan failed to pay it the fees it is owed under the Extension Fee Agreement.

Now, Jaye and Morgan move to dismiss under Rule 12(b)(6), contending that Bellwether's claims are barred by res judicata. They submit that Bellwether could and should have asserted the breach-of-contract claims as Rule 13(g) crossclaims in the prior suit. Bellwether counters that Jaye and Morgan's assertions clash with Rule 13(g) and would, if adopted, make all crossclaims compulsory.

I.

A party may move for dismissal of a complaint for failure to state a claim upon which relief can be granted. See FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) motions are rarely granted because they are viewed with disfavor. See Leal v. McHugh, 731 F.3d 405, 410 (5th Cir. 2013) (quoting Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." See Thompson v. City of Waco, Tex., 764 F.3d 500, 502 (5th Cir. 2014) (citing Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 854 (5th Cir. 2012) (en banc)). But in deciding whether dismissal is warranted, the Court will not accept conclusory allegations as true. Thompson, 764 F.3d at 502-03 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

To overcome a Rule 12(b)(6) motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). Consequently, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

Res judicata should ordinarily be pleaded as an affirmative defense, not raised in a Rule 12 motion. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 n.2 (5th Cir. 2005). But the Court may enter a Rule 12 dismissal on res judicata grounds if the elements of res judicata are apparent from the face of the pleadings and judicially noticeable facts. Kan. Reinsurance Co. v. Cong. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994).

II.

*A.*

The federal law of res judicata dictates the preclusive effect of a judgment rendered by a federal court. See In re Ark-La-Tex Timber Co., 482 F.3d 319, 330 n.12 (5th Cir. 2007) (citing Semtek Int'l, Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001)). Because this Court rendered the relevant judgment, federal res judicata principles apply. See Duffy & McGovern Accommodation Servs. v. QCI Marine Offshore, Inc., 448 F.3d 825, 829 n.16 (5th Cir. 2006).

Under those principles, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Preclusion results if: "'(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'" ASARCO, L.L.C. v. Montana Res., Inc., 858 F.3d 949, 956 (5th Cir. 2017) (quoting Comer v. Murphy Oil USA, Inc., 718 F.3d 460, 467 (5th Cir. 2013)).

*B.*

Jaye and Morgan contend that res judicata bars Bellwether from asserting in this suit claims it could have asserted as

5

crossclaims in a prior suit.[1] Bellwether rejoins that Jaye and Morgan's contention conflicts with Rule 13(g) and established law, which instruct that crossclaims are permissive and can be brought in an independent action. The Court agrees.

Rule 13(g) provides:

> **(g) Crossclaim Against a Coparty.** A pleading *may* state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

FED. R. CIV. P. 13(g) (emphasis added). Under Rule 13(g), a crossclaim is "permissive rather than compulsory and a party to an action has the option to pursue it in an independent action." Dunn v. Sears, Roebuck & Co., 645 F.2d 511, 512 n.1 (5th Cir. 1981). "A party who decides not to bring a claim under Rule 13(g) will not be barred by res judicata, waiver, or estoppel from asserting it in a later action, as the party would if the claim were a compulsory counterclaim under Rule 13(a)." 6 Charles Alan Wright et al., Federal Practice & Procedure § 1431 275-76 (3d ed. 2005).

---

[1] The Court assumes, without deciding, that (1) Bellwether could have asserted its breach-of-contract claims as crossclaims in the prior suit, and (2) the prior suit and this one "involve the same claim or cause of action" for res judicata purposes. ASARCO, L.L.C., 858 F.3d at 956.

6

Bellwether need not have asserted a crossclaim against its co-defendant, Mirus, in the prior proceeding. See Dunn, 645 F.2d at 512. Such a claim was permissive, and Bellwether's decision not to assert a breach-of-contract crossclaim there does not bar it from asserting the claim here. Id. To hold otherwise would transform Rule 13(g) into a compulsory crossclaim rule — a transformation the advisory rules committees declined to effect. Compare FED. R. CIV. P. 13(a) ("A pleading *must* state as a counterclaim . . .") with FED. R. CIV. P. 13(g) ("A pleading *may* state as a crossclaim . . .") (emphases added).[2]

Shunting these authorities aside, Jaye and Morgan invoke a decision of the Georgia Supreme Court, which, they contend, announces a rule of plenary preclusion: A party cannot assert in a subsequent proceeding any claim it could have asserted as a crossclaim in a prior proceeding. See Fowler v. Vineyard, 405 S.E.2d 678 (Ga. 1991). Not so. See id.

Fowler arose from a collision between a bus and a truck. Id. At 679. Two injured bus passengers sued the bus driver and the truck driver. Id. The bus driver then crossclaimed for

---

[2] This Court joins the chorus of district courts that have declined to rewrite Rule 13(g) as a compulsory crossclaim provision. See, e.g., Alaska v. United States Dep't of Agric., 273 F. Supp. 3d 102, 116–17 (D.D.C. 2017); Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas, 158 F. Supp. 3d 1183, 1222 (D.N.M. 2015); United States v. Saint Louis Univ., No. 07-CV-0156-DRH, 2012 WL 359995, at *3 (S.D. Ill. Feb. 2, 2012).

7

indemnification from the truck driver. Id. The case settled, and the bus driver voluntarily dismissed his crossclaim. Id. Later, the bus driver brought a separate suit against the truck driver, seeking damages for his own injuries. Id. The Georgia Supreme Court held that res judicata barred the suit, reasoning that "[i]f a co-party asserts a crossclaim, it is reasonable that the party must also assert all claims arising from the same subject matter at that time or risk preclusion under the doctrine of res judicata." Id. at 683 n.4.

The decision is inapposite. The bus driver there — unlike Bellwether here — actually asserted a crossclaim in the prior proceeding. See id. To be sure, the Fowler court merely applied the "traditional rule" that "co[-]parties are precluded in subsequent litigation among themselves only if they become adversaries in the prior action through the formal assertion of a claim by one against the other." 18A Charles Alan Wright et al., Federal Practice & Procedure § 4450 340 (3d ed. 2005); see also RESTATEMENT (SECOND) OF JUDGMENTS § 38 cmt. a ("Where no [cross- or counter-] pleadings have been interposed, the possibility of merger and bar by definition does not arise."). That rule has no application here; Bellwether did not crossclaim against Mirus in the prior proceeding, so the parties never "bec[a]me adversaries."[3]

---

[3] Also unpersuasive is Jaye and Morgan's contention that, in failing to "reserve" the right to pursue its crossclaim in the

8

III.

Jaye and Morgan invite the Court to apply a form of res judicata at odds with Rule 13(g) and hornbook civil procedure law. The Court declines the invitation and finds that Jaye and Morgan have not met their burden of demonstrating that res judicata bars Bellwether's claims.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the motion to dismiss is hereby DENIED.

New Orleans, Louisiana, September 10, 2019

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

stipulation of dismissal filed in the prior proceeding, Bellwether "waived" the right to assert the claim in this proceeding. Bellwether need not have "reserved" any claim. Because Bellwether did not assert a crossclaim against Mirus in the prior proceeding, there was no risk that the claim would be barred on res judicata grounds in a subsequent proceeding.