# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BELLWETHER ENTERPRISE REAL ESTATE CAPITAL,** <br><br> Plaintiff, <br><br> versus <br><br> **CHRISTOPHER JAYE, ET AL.,** <br><br> Defendants. | Case No. 19-cv-10351 <br> Case No. 19-cv-13058 <br> (consolidated) <br><br> Section "F" <br><br> Judge Martin L.C. Feldman <br><br> Magistrate Judge Janis Van Meerveld |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT BY CONSOLIDATED PLAINTIFF MIRUS NEW ORLEANS, LLC**

Mirus New Orleans, LLC ("Mirus"), Plaintiff in Civil Action No. 19-cv-13058, respectfully submits this memorandum in support of its motion for partial summary judgment. The captioned proceeding arises out of a project to build affordable housing in New Orleans East. Defendant Bellwether Enterprise Real Estate Capital ("Bellwether")[1] loaned money to Mirus to construct the project. In connection with that loan, Mirus, Christopher Jaye ("Jaye"), Kristi Morgan ("Morgan"),[2] and Bellwether executed a document entitled "Extension Fee Agreement" ("EFA"), which Bellwether seeks to enforce against Jaye and Morgan by recovering "extension fees" due to delay in achieving "final endorsement" of the loan by the federal Department of Housing and Urban Development ("HUD"). Mirus seeks an order declaring the "extension fee" provision unenforceable under Louisiana law, as well as monetary recovery.

---

[1] Bellwether, named as Defendant in Civil Action No. 19-cv-13058, is Plaintiff in Civil Action No. 19-cv-10351, with which this action is consolidated.

[2] Jaye and Morgan are named as Defendants in Civil Action No. 19-cv-10351. Mirus was not named as a defendant in that suit.

{N3983915.2}                     1

In its motion, Mirus requests (1) a declaratory judgment against Bellwether holding that the EFA's "Penalty Provision" is null, void, and unenforceable under Louisiana law and (2) summary judgment in favor of Mirus's claim against Bellwether for payment of a thing not owed. As a matter of law, under the plain terms of the EFA and applicable Louisiana law, the EFA's "Penalty Provision" is unenforceable—and summary judgment is warranted on the aforementioned claims—for several reasons.

***First***, Mirus hereby incorporates the arguments in Jaye and Morgan's memorandum in support of their partial motion for summary judgment, and exhibits thereto, demonstrating that the EFA's Penalty Provision is unlawfully punitive. Those arguments apply equally to Mirus, and it is entitled to summary judgment in favor of its declaratory judgment claim on the same grounds.

***Second***, given that the Penalty Provision is unenforceable, Mirus is entitled to summary judgment on its claim for payment of a thing not owed. Mirus made two payments of $39,441 in response to invoices sent by Bellwether for extension fees under the Penalty Provision. Because the provision is null under Louisiana law, those payments were not owed to Bellwether, and Bellwether is bound to restore them to Mirus. Moreover, even if the Penalty Provision were not construed as being unlawfully punitive at this juncture, Mirus is entitled to summary judgment on its claim for payment of a thing not owed for the independent reason that Bellwether did not place Mirus, Jaye, and Morgan in default for the delay in achieving final endorsement—as it was required to do by law in order to seek stipulated damages.

For these reasons and those explained below, the Court should enter partial summary judgment in favor of Mirus's claims for declaratory judgment and payment of a thing not owed.

## BACKGROUND

**I.     The Project and Loan.**

Mirus is the owner of the Village of Versailles Project (the "Project"), which was funded, in part, by a commercial mortgage loan issued by Bellwether on July 1, 2016 (the "Loan"). Statement of Uncontested Material Facts ("SUMF") ¶ 1. The Project is the first new affordable housing development built in New Orleans East since Hurricane Katrina. *Id*., ¶ 3. The Loan is memorialized in multiple documents, including a Mortgage Note dated July 1, 2016, a Building Loan Agreement dated July 1, 2016, a Regulatory Agreement, and other documents. *Id*., ¶ 4. The Project financing was insured by the federal Department of Housing and Urban Development ("HUD") under Section 221(d)(4) of the National Housing Act, as amended. *Id*., ¶ 5. The final advance of proceeds of the Loan was expected to be made by Bellwether at the time of final endorsement of the Note for insurance by HUD ("Final Endorsement"). *Id*., ¶ 10.

**II.    The Extension Fee Agreement.**

    **A.     The Penalty Provision.**

Mirus, Jaye, and Morgan, as obligors, and Bellwether, as lender, executed an Extension Fee Agreement during the July 1, 2016 Loan closing. The Penalty Provision provides:

> 1. Extension Fees. (a) Obligor agrees that ***in the event that Final Endorsement has not occurred on or before*** August 31, 2018, Obligor shall be liable and obligated to pay to Lender a monthly extension fee (the "Extension Fee") equal to (i) $1/8^{th}$ of one percent (0.125%) of the original face amount of the FHA Mortgage Note for each "Monthly Period" (as defined below) or portion thereof, commencing on September 1, 2018 and continuing through November 31, 2018 then increasing to (ii) 1/4 of one percent (0.25%) of the original face amount of the FHA Mortgage Note for each Monthly Period or portion thereof, commencing December 1, 2018 and continuing until Final Endorsement.

EFA § 1(a) (emphasis added). The "fees" are not stated to be in lieu of delay damages that would be difficult to ascertain. The EFA states it is made "for the purpose of inducing Lender to make the Mortgage Loan." *Id.* p. 1.

**B.     The EFA's non-exclusive and double-recovery damages.**

In addition to the foregoing Penalty Provision, the EFA allows recovery of "any and all" compensatory damages in the event of that Final Endorsement did not occur by fixed dates. Section 2 of the EFA provides that "[i]n the event that Final Endorsement has not occurred on or before December 1, 2018, Obligor shall be liable to Lender . . . for any and all costs, expenses, charges, fees *and damages* incurred in connection with" the repurchase, remarketing, sale, or holding of GNMA securities. These damages are facially *in addition to* the Penalty Provision's escalating delay penalties based on fixed percentages of the Mortgage Note face amount. EFA § 1(a). The EFA also attempts to reserve further relief for Bellwether. *See* EFA § 1(c) (penalties "shall be *in addition to* the rights and remedies give [sic] to Lender in any other documents . . . ." (emphasis added)).

**III.    Final Endorsement and Bellwether's invoicing for penalties.**

Final Endorsement did not occur by August 31, 2018. SUMF ¶ 11. On September 11, 2018, the contractor on the Project, Broadmoor, LLC ("Broadmoor"), filed a Sworn Statement of Amount Due in the mortgage records of Orleans Parish, Louisiana.[3] On September 24, 2018, Broadmoor filed an Amended Sworn Statement of Amount Due in the mortgage records of Orleans Parish, Louisiana.[4] Four days later, Broadmoor filed a Complaint against Mirus, Bellwether, HUD, and CREA Corporate Tax Credit Fund 40, LLC, alleging, among other things that Bellwether and Mirus failed to comply with certain Project agreements. *Broadmoor, LLC v. Mirus New Orleans,*

---

[3] Instrument No. 2018-35567, MIN 1283094.

[4] Instrument No. 2018-37167, MIN 1283926.

*LLC, et al.*, No. 18-09064 (E.D. La. Sept. 28, 2018) (the "Broadmoor Federal Litigation").[5] On March 25, 2019, Bellwether filed a joint Stipulation of Dismissal with Prejudice in the Broadmoor Federal Litigation. Civil Action No. 18-09064, ECF No. 30. Final Endorsement occurred on March 22, 2019. SUMF ¶ 14.

On or about September 1, 2018, Bellwether invoiced Mirus an "extension fee" of $39,441.00, which sum is "1/8th of one percent (0.125%) of the original face amount of the FHA Mortgage Note." SUMF ¶¶ 15–16. Mirus paid this penalty assessment. SUMF ¶ 17. On or about October 1, 2018, Bellwether again invoiced Mirus an "extension fee" of $39,441.00, which penalty assessment Mirus paid. SUMF ¶¶ 19–21. A third penalty assessment of $39,441.00 was invoiced by Bellwether in November, but this time Mirus refused to pay it. SUMF ¶¶ 23–25.

Beginning in December 2018, Bellwether invoiced Mirus for an "extension fee" of $78,881.00, which sum is "1/4 of one percent (0.25%) of the original face amount of the FHA Mortgage Note." SUMF ¶¶ 27–28. Mirus refused to pay this penalty assessment. SUMF ¶ 29. Bellwether invoiced Mirus penalty assessments in the amount of $78,881.00 in each of the months of January, February, and March 2019, but Mirus refused to pay them. SUMF ¶¶ 31–33, 35–37, 39–41.

Bellwether has maintained that the extension fees it invoiced are not penalties, but rather "used to pay investors in a securitized loan the interest they expected to make when investing in

---

[5] At the time the Broadmoor Federal Litigation was filed, a suit by Broadmoor against Mirus was already pending in the Civil District Court for Orleans Parish, Louisiana. *Broadmoor, L.L.C. v. Mirus New Orleans, LLC*, No. 17-12470 (filed December 29, 2017) (the "Broadmoor State Litigation").

the loan."[6] ECF 29-6 at 14.[7] Discovery responses by Bellwether, however, establish that it has only made three (3) payments of $39,440.13 (a total of $118,323.39) to its investor as it maintains entitlement to $433,847.00 of "extension fees."[8]

## IV. Procedural history.

Bellwether filed its Complaint against Jaye and Morgan on May 13, 2019, bringing one claim for breach of contract. ECF 1. Jaye and Morgan filed their answer, affirmative defenses, and counterclaims to Bellwether's Complaint on September 27, 2019, ECF 26, and filed an amended answer, affirmative defenses, and counterclaims on October 9, 2019, ECF 28. As relevant here, Jaye and Morgan asserted a counterclaim for declaratory judgment on the basis that the extension fees set forth in the EFA's Penalty Provision are "manifestly unreasonable, contrary to public policy, and invalid and unenforceable under Louisiana law because they are neither reasonable nor compensatory." *Id.* at 14.

Mirus filed its Complaint against Bellwether on October 8, 2019, bringing claims for, *inter alia*, (1) declaratory judgment that the Penalty Provision is invalid and unenforceable under Louisiana law and (2) payment of a thing not owed. *See* Case No. 1:19-cv-13058, ECF 1. The Court consolidated the actions. ECF 32. Bellwether moved to dismiss Defendants' counterclaims on October 23, 2019, ECF 29, and moved to dismiss Mirus's Complaint on November 19, 2019, ECF 34.

---

[6] This justification for the "extension fees" does not exist in the EFA.

[7] Unless otherwise indicated, ECF references are to pleadings filed in Civil Action No. 19-cv-10351, and page references are to the ECF page number.

[8] Ex. D, Bellwether's Supplemental Responses to Mirus's First Set of Interrogatories at 5 (Int. No. 17).

On December 11, 2019 the Court denied Bellwether's motions to dismiss in relevant part. ECF 44, 45. In particular, the Court held that Mirus, Jaye and, Morgan "have stated a claim for a declaratory judgment that the extension fee agreement is unenforceable" under Louisiana law because the extension fees are not compensatory. ECF 44 at 14; ECF 45 at 15. Further, the Court held that Mirus stated a claim for payment of a thing not owed because, assuming that the Penalty Provision is unenforceable, extension fees paid by Mirus to Bellwether under that provision were not in fact owed to Bellwether and were bound to be restored. ECF 45 at 16.

## LEGAL STANDARD

This Court is more than familiar with the legal standards governing motions for summary judgment under Fed. R. Civ. P. 56, and Mirus will not belabor the Court with a general recitation of those standards. To the extent any citation to authority is necessary, Defendants adopt this Court's thorough enunciation of the summary judgment standard in *Doe v. Loyola Univ.*, No. 18-6880, 2020 U.S. Dist. LEXIS 36129, at *12 (E.D. La. Mar. 3, 2020) (Feldman, J.).

Moving past the well-accepted summary judgment standard, Mirus would remind the Court that summary judgment is particularly appropriate in cases involving the construction of unambiguous contract language. *Sher v. Lafayette Ins. Co.,* 07-2441, 988 So. 2d 186, 192 (La. 07/07/08); *see also Semco, LLC v. Grand Ltd.*, 16-342, 221 So. 3d 1004, 1035 (La. App. 5 Cir. 5/31/17) ("Interpretation of a contract and, specifically the issue of whether a contract is ambiguous, is a question of law properly determined at the summary judgment stage."). When the words of the contract are clear and unambiguous, a court must enforce the agreement as written. *Sher*, 988 So. 2d at 193. Moreover, where a contract is clear, no further interpretation may be made in search of the parties' intent beyond the four corners of the document; nor can this intent cannot

be explained away or contradicted by extrinsic evidence. *See, e.g.*, *Shocklee v. Mass. Mutual Life Ins. Co.*, 369 F.3d 437, 440 (5th Cir. 2007).

## ARGUMENT

This case largely turns on whether the EFA's Penalty Provision is enforceable under Louisiana law.[9] As explained in Jaye and Morgan's memorandum, it is ***not***. The unenforceability of the Penalty Provision resolves two of Mirus's claims in this case that rest on the validity of that provision. Specifically, summary judgment is warranted (1) in favor of Mirus's claim for declaratory relief[10] against Bellwether and (2) in favor of Mirus's claim against Bellwether for payment of a thing not owed.

**I.    The EFA's Penalty Provision is unenforceable under Louisiana law, requiring summary judgment on Mirus's claim for declaratory relief.**

As stated, Mirus incorporates by reference Jaye and Morgan's memorandum in support of their partial motion for summary judgment demonstrating that the EFA's Penalty Provision is unlawfully punitive. That being the case, Mirus is entitled to a declaratory judgment that the Penalty Provision is null, void, and unenforceable; that Bellwether cannot enforce any penalty set

---

[9] "Jurisdiction is based on diversity, so the Court applies Louisiana 'substantive law.'" ECF 45 at 7. Here, Louisiana's substantive choice-of-law rules require the Court to honor the EFA's Louisiana choice-of-law provision. *Id.*; *see also* EFA § 5(d).[10] The Declaratory Judgement Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

[10] The Declaratory Judgement Act provides: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201.

{N3983915.2}                                                    8

forth in the EFA; and that Mirus is entitled to recover any "extension fee" payments made to Bellwether under the Penalty Provision. Case No. 2:19-cv-13058, ECF 1 ¶¶ 50–52.

## II. Summary judgment is warranted on Mirus's claim for payment of a thing not owed.

With the unenforceability of the Penalty Provision established, summary judgment on Mirus's claim for payment of a thing not owed is straightforward. "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." La. Civ. Code art. 2299. "A thing is not owed when it is paid or delivered for the discharge of an obligation that does not exist." La. Civ. Code art. 2300. "A thing is not owed when it is paid or delivered for discharge of an obligation that is subject to a suspensive condition." La. Civ. Code art. 2301.

Here, there is no dispute that Mirus paid Bellwether two monthly installments of $39,441 under the Penalty Provision. SUMF ¶¶ 17, 21. Because that provision is unenforceable under Louisiana law, those payments were not owed to Bellwether and Mirus is entitled to restoration of the funds. *See Bell S. Telecomms., LLC v. City of New Orleans*, 31 F. Supp. 3d 819, 831 (E.D. La. 2014) (holding that city was bound to repay plaintiff where the ordinance under which it collected payment from plaintiff was "void ab initio").

In fact, summary judgment is independently warranted on Mirus's claim for payment of a thing not owed because Bellwether never placed Mirus in default for failing to achieve Final Endorsement by August 31, 2018. As explained in Jaye and Morgan's memorandum, even if the Penalty Provision were considered a legitimate stipulated damages clause, Louisiana law *still* required Bellwether to place Mirus in default as a prerequisite to seek to enforce payment of such damages. ECF 64-1 at 22–24. There can be no genuine dispute that Bewether did not do so. *Id.* Accordingly, Bellwether is bound to restore Mirus's payments of extension fees under the purported stipulated damages provision.

## CONCLUSION

For the foregoing reasons, the Court should enter partial summary judgment in favor of (1) Mirus's claim for declaratory relief against Bellwether and (2) Mirus's claim against Bellwether for payment of a thing not owed.

Respectfully submitted,

*s/ Graham H. Ryan*
RICHARD J. TYLER (La. Bar No. 1155)
GRAHAM H. RYAN (La. Bar No. 34070)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, LA 70170-5100
Telephone: (504) 582-8370
Fax: (504) 589-8370
Email: rtyler@joneswalker.com
Email: gryan@joneswalker.com

*Counsel for Mirus New Orleans, LLC, Christopher Jaye, and Kristi Morgan*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed via the Court's electronic filing system this 17th day of March 2020.

*s/ Graham H. Ryan*
GRAHAM H. RYAN