UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BELLWETHER ENTERPRISE REAL ESTATE CAPITAL, LLC, | ) CIVIL ACTION NO.: 2:19-cv-10351-MLCF-JVM<br>) Consolidated with:    2:19-cv-13058-MLCF-JVM<br>)<br>) |
| v. | ) SECTION: "F"(1)<br>) |
| CHRISTOPHER JAYE, et al., | ) JUDGE: Martin L.C. Feldman<br>) |
| *Related to ALL CASES* | ) MAGISTRATE JUDGE: Janis van Meerveld |

**FIRST AMENDED COMPLAINT**

Plaintiff, Bellwether Enterprise Real Estate Capital LLC, an Ohio limited liability company ("Lender"), for its complaint against defendants, Christopher Jaye and Kristi Morgan (individually "Obligor" and together, "Obligors"), avers as follows:

**I.     PARTIES, JURISDICTION AND VENUE**

1. Lender is an Ohio limited liability company having an address at 1375 E. 9th St., Suite 2400, Cleveland, Ohio 44114.

2. Defendant Christopher Jaye is an individual with an address at Mirus New Orleans, LLC, 7447 University Avenue, Suite 210, Middleton, WI 53562.  Upon information and belief, Mr. Jaye is not a citizen of the State of Ohio.

3. Defendant Kristi Morgan is an individual with an address at Mirus New Orleans, LLC, 7447 University Avenue, Suite 210, Middleton, WI 53562.  Upon information and belief, Ms. Morgan is not a citizen of the State of Ohio.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and the action is between citizens of different states.

5. Venue exists in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district, and because the parties to this action have explicitly agreed that "[a]ny action to enforce this Agreement may be brought by

Lender in any . . . federal court sitting in Louisiana. . . and Obligor consents to the jurisdiction and venue of any such court." *See* July 1, 2016 Extension Fee Agreement, ECF No. 1-1, at § 5(d).

## II. FACTS

### A. The Loan

6. On or about July 1, 2016, Lender agreed to issue to Mirus New Orleans, LLC ("Borrower" or "Mortgagor"), a commercial mortgage loan in the principal amount of $31,552,100.00 (the "Loan") for the construction or renovation of Village of Versailles project, identified as FHA Project No. 064-35630 (the "Project").

7. At all relevant times, Obligors have owned a direct or indirect interest in Borrower and stand to derive a substantial benefit from the Loan.

8. The Loan is evidenced by a Mortgage Note dated July 1, 2016 (the "Note"). *See* ECF No. 1-2.

9. The Loan was funded through the sale by the Lender of GNMA mortgage-backed securities and insured by the Secretary of Housing and Urban Development (hereinafter "HUD") pursuant to Section 221(d)(4) of the National Housing Act, as amended. Accordingly, the final advance of proceeds of the Loan was agreed to be made at the time of final endorsement of the Note for insurance by HUD ("Final Endorsement"). *See* ECF No. 1-1 at 2.

### B. The Extension Fee Agreement

10. On or about July 1, 2016, in consideration for and as a condition of the Loan, Obligors executed in favor of Lender an Extension Fee Agreement. ECF No. 1-1.

11. The Extension Fee Agreement recites, *inter alia*, that "in consideration of the promises herein contained and for the purpose of inducing Lender to make the Mortgage Loan to the Mortgagor," the Obligors agree that

> [I]n the event that Final Endorsement has not occurred on or before August 31, 2018, Obligor shall be liable and obligated to pay to Lender a monthly extension

>fee (the "Extension Fee") equal to (i) 1/8th of one percent (0.125%) of the original face amount of the FHA Mortgage Note for each "Monthly Period" (as defined below) or portion thereof, commencing on September 1, 2018, and continuing through November 1, 2018 then increasing to (ii) ¼ of one percent (0.25%) of the original face amount of the FHA Mortgage Note for each Monthly Period or portion thereof, commencing on December 1, 2018 and continuing until Final Endorsement.

(ECF No. 1-1 § 1.)

12. "Monthly Period" is defined to "mean a period starting on the 1st day of a month and ending on the last date of that month," and the Extension Fee Agreement provides that the Obligors, "shall be obligated to pay each such monthly Extension Fee in advance, fifteen (15) days prior to the commencement of the applicable Monthly Period." (ECF No. 1-1, § 1).

13. Section 3 of the Extension Fee Agreement provides that "[a]ll amounts which are not paid by Obligor when due hereunder shall bear interest at the Prime Rate plus two percent (2%) per annum." (ECF No. 1-1, § 3).

14. Additionally, Section 5, subpart (b) of the Extension Fee Agreement provides that "Obligor agrees to pay to Lender all reasonable attorneys' fees and costs and other expenses incurred by Lender or its assigns in collecting any of the fees or other amounts due hereunder or in enforcing this Agreement or preserving or protecting Lender's rights hereunder." (ECF No. 1-1 § 5(b).)

### C.  Final Endorsement Of The Loan

15. Final Endorsement of the Loan was delayed pending resolution of a dispute that arose between the Borrower and the contractor for the Project, Broadmoor, L.L.C. ("Broadmoor") over payments owed to Broadmoor by the Borrower for work performed on the Project.

16. The Obligors are the individual owners of the Borrower entity.

17. The payment dispute between the Borrower and Broadmoor resulted in the filing of a lawsuit by Broadmoor against the Borrower, the Lender, and other entities related to the

Project in this Court on September 28, 2018, docketed at Case No. 2:18-cv-09064. Broadmoor recently reached a settlement of its claims against the Borrower, Lender and related entities and that case was dismissed by the Court on March 20, 2019. *See* Case No. 2:18-cv-09064, ECF No. 29. Settlement and Final Endorsement of the Loan subsequently occurred on March 22, 2019.

18.    Accordingly, extension fees in the amount of 1/8th of one percent (0.125%) of the original face amount of the Note, $39,441.00, became due and owing for the Monthly Period commencing September 1, 2018 because Final Endorsement did not occur on or before August 31, 2018, pursuant to the Extension Fee Agreement. (ECF No. 1-1, § 1).

19.    Obligors paid extension fees in the amount of $39,441.00, fulfilling their obligation for the Monthly Period commencing September 1, 2018.

20.    Extension fees in the amount of 1/8th of one percent (0.125%) of the original face amount of the Note, $39,441.00, became due and owing for the Monthly Period commencing October 1, 2018 because Final Endorsement did not occur on or before September 30, 2018. (ECF No. 1-1, § 1).

21.    Obligors paid extension fees in the amount of $39,441.00, fulfilling their obligation for the Monthly Period commencing October 1, 2018.

22.    Extension fees in the amount of 1/8th of one percent (0.125%) of the original face amount of the Note, $39,441.00, became due and owing for the Monthly Period commencing November 1, 2018 because Final Endorsement did not occur on or before October 31, 2018, pursuant to the Extension Fee Agreement. (ECF No. 1-1, § 1).

23.    Obligors have not paid these extension fees to Lender, and accordingly, the sum of $39,441.00, plus interest calculated at the Prime Rate plus two percent (2%) per annum, $1,465.34, plus enforcement costs, remain due and owing to Lender.

24. Extension fees in the amount of 1/4 of one percent (0.25%) of the original face amount of the Note, $78,881.00, became due and owing for the Monthly Period commencing December 1, 2018 because Final Endorsement did not occur on or before November 30, 2018, pursuant to the Extension Fee Agreement. (ECF No. 1-1, § 1).

25. Obligors have not paid these extension fees and accordingly, the sum of $78,881.00, plus interest calculated at the Prime Rate plus two percent (2%) per annum, $2,454.08, plus enforcement costs, remain due and owing to Lender.

26. Extension fees in the amount of $78,881.00, became due and owing for the Monthly Period commencing January 1, 2019 because Final Endorsement did not occur on or before December 30, 2018, pursuant to the Extension Fee Agreement. (ECF No. 1-1, § 1).

27. Obligors have not paid these extension fees and accordingly, the sum of $78,881.00, plus interest calculated at the Prime Rate plus two percent (2%) per annum, $1,972.03, plus enforcement costs, remain due and owing to Lender.

28. Extension fees in the amount of $78,881.00 became due and owing for the Monthly Period commencing February 1, 2019 because Final Endorsement did not occur on or before January 31, 2019, pursuant to the Extension Fee Agreement. (ECF No. 1-1, § 1).

29. Obligors have not paid these extension fees and accordingly, the sum of $78,881.00, plus interest calculated at the Prime Rate plus two percent (2%) per annum, $1,479.02, plus enforcement costs, remain due and owing to Lender.

30. Extension fees in the amount of $78,881.00 became due and owing for the Monthly Period commencing March 1, 2019 because Final Endorsement did not occur on or before February 28, 2019, pursuant to the Extension Fee Agreement. (ECF No. 1-1, § 1).

31. Obligors have not paid these extension fees and accordingly, the sum of $78,881.00, plus interest calculated at the Prime Rate plus two percent (2%) per annum, $986.01, plus enforcement costs, remain due and owing to Lender.

32. The total amount due and owing to Lender by Obligors under the Extension Fee Agreement as of May 1, 2019 equals $363,321.47, including $354,965.00 in unpaid extension fees and interest of $8,356.47 calculated at the Prime Rate plus two percent (2%) per annum.

33. Obligors have failed and/or refused to honor their obligations under the Extension Fee Agreement by failing to pay these amounts that are due and owing as set forth above.

## COUNT ONE – BREACH OF CONTRACT
### (EXTENSION FEES)

34. Paragraphs 1 through 33 of this First Amended Complaint are incorporated herein by reference.

35. Obligors and Lender are parties to the Extension Fee Agreement, which is a valid and enforceable contract.

36. Pursuant to the Extension Fee Agreement, each Obligor agreed that he or she "shall be liable and obligated to pay to Lender a monthly extension fee (the "Extension Fee") equal to (i) 1/8th of one percent (0.125%) of the original face amount of the FHA Mortgage Note for each "Monthly Period" . . . commencing on September 1, 2018, and continuing through November 1, 2018 then increasing to (ii) 1/4 of one percent (0.25%) of the original face amount of the Note for each Monthly Period or portion thereof, commencing on December 1, 2018 and continuing until Final Endorsement. (ECF No. 1-1, § 1)

37. Obligors have breached the Extension Fee Agreement by failing and/or refusing to pay to Lender the extension fees and accrued interest due pursuant to the Extension Fee Agreement.

38. Lender has suffered damages as a result of Obligors' breach of the Extension Fee Agreement, including but not limited to $354,965.00 in unpaid extension fees, interest of $8,356.47 calculated at the Prime Rate plus 2% per annum, which amount continues to accrue, and costs incurred in the collection of the extension fees, including reasonable attorneys' fees.

WHEREFORE, Lender respectfully requests that the Court enter judgment in its favor and against Obligors, jointly and severally, and award to Lender its contractual damages, including but not limited to the outstanding amount of accrued extension fees and interest, together with additional collections costs and enforcement expenses recoverable under the Extension Fee Agreement and such other and further relief as the Court in its discretion may deem equitable and just.

## COUNT TWO – BREACH OF CONTRACT
### (REDUCED EXTENSION FEES OR ACTUAL DAMAGES)

39. Paragraphs 1 through 38 of this First Amended Complaint are incorporated herein by reference.

40. To the extent the extension fees provided for in Section 1 of the Extension Fee Agreement are invalid under La. Civ. Code art. 2012, Lender alternatively requests an award of stipulated damages in a reduced amount.

41. In the alternative, Lender requests an award of its actual damages caused by the delay in final endorsement, pursuant to La. Civ. Code art. 2006.

42. Lender's actual damages from the delay include, but are not limited to, monthly fees that Lender was required to pay the investor in the mortgage-backed securities that funded the Loan; additional fees incurred to manage the Loan as a construction loan; and lost servicing fee income.

43. Lender further requests an award of interest, attorney's fees, and costs.

WHEREFORE, Lender respectfully requests that the Court enter judgment in its favor and against Obligors, jointly and severally, and award to Lender stipulated damages in a reduced amount. In the alternative, Lender requests an award of its actual damages, including but not limited to monthly fees that Lender was required to pay the investor in the mortgage-backed securities, additional expenses Lender incurred to manage the Loan as a construction loan, and lost servicing fee income. Lender further requests interest, attorney's fees, costs, and such further relief as the Court deems equitable and just.

July ___, 2020

Respectfully submitted,

/s/ Constantinos G. Panagopoulos
Constantinos G. Panagopoulos (admitted *pro hac vice*)
Matthew D. Lamb (admitted *pro hac vice*)
Ballard Spahr LLP
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel. 202-661-2200 | Fax. 202-661-2299
cgp@ballardspahr.com
lambm@ballardspahr.com

Alexandra E. Mora (La. Bar No. 23535)
Law Office of Alexandra Mora, APLC
322 Lafayette Street
New Orleans, LA 70130
Tel. 504-566-0233 | Fax. 504-566-8997
amora@alexmora.com

*Counsel for Bellwether Enterprise Real Estate Capital, LLC*