UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BELLWETHER ENTERPRISE REAL ESTATE CAPITAL                CIVIL ACTION

v.                                                       NO. 19-10351
                                                         c/w 19-13058[1]

CHRISTOPHER JAYE, ET AL.                                 SECTION "F"

ORDER AND REASONS

Before the Court is Christopher Jaye, Kristi Morgan, and Mirus New Orleans, LLC's Rule 72(a) appeal of the magistrate judge's order granting Bellwether Enterprise Real Estate Capital leave to file an untimely amended complaint. For the reasons that follow, the magistrate judge's order is AFFIRMED.

**Background**

This dispute arises from a project to build affordable housing in New Orleans East and concerns a stipulated damages provision in a contract between borrowers and their lender. The lender sued the borrowers for stipulated damages, and the borrowers rejoined that the stipulated damages provision was void. The Court agreed and entered summary judgment for the borrowers. After losing on summary

---

[1] This Order applies to both consolidated cases.

1

judgment, the lender moved—over six months after the amendment deadline—to amend its complaint to add claims for reduced stipulated damages and actual damages. The magistrate judge allowed the amendment, and the borrowers appealed. The issue on appeal is whether the magistrate judge clearly erred in concluding that the lender showed good cause for its untimely amendment under Rule 16(b). She did not. The Court therefore affirms.

Christopher Jaye and Kristi Morgan own Mirus New Orleans, LLC. That LLC owns the Village of Versailles project, an affordable housing development in New Orleans East. To fund the project, Jaye, Morgan, and Mirus obtained a loan from Bellwether. As a condition of the loan, Jaye, Morgan, and Mirus entered into an extension-fee agreement with Bellwether. That agreement required the borrowers to pay Bellwether a monthly "extension fee" if final endorsement did not occur by August 31, 2018.

Final endorsement did not occur by then. Bellwether thus invoked the extension-fee agreement and demanded fees from the borrowers, who declined to pay. So Bellwether sued.

In its one-count complaint, filed in May 2019, Bellwether said that Jaye and Morgan breached the extension-fee agreement by failing to pay $354,965 in stipulated damages. Bellwether did not sue Mirus or plead an alternative theory.

In October 2019, Mirus filed a separate suit against Bellwether. Mirus sought a declaration that the stipulated damages provision is "manifestly unreasonable, contrary to public policy, and invalid and unenforceable under Louisiana law[.]"

The next day, in the first lawsuit, Jaye and Morgan counterclaimed against Bellwether. Among the counterclaims was a request for a declaration that the stipulated damages provision is "manifestly unreasonable, contrary to public policy, and invalid and unenforceable under Louisiana law[.]"

Bellwether moved to dismiss in both cases. Both motions failed; the Court declined to dismiss the declaratory-judgment claims. Both rulings detailed Civil Code Article 2012 and the law of stipulated damages in Louisiana. That was December 2019.

In March 2020, the parties cross-moved for summary judgment on the enforceability of the stipulated damages provision. The borrowers won. The Court held that the stipulated damages provision was unenforceable because the stipulated amount too greatly exceeded Bellwether's actual damages. See LA. CIV. CODE. art. 2012. The Court's June 2020 Order and Reasons acknowledged that the principal obligation of the extension-fee agreement—to ensure final endorsement occurred by August 31, 2018—remained intact. See LA. CIV. CODE art. 2006. The Court noted, however, that Bellwether "did not sue the borrowers for breaching the 'principal

3

obligation' of the extension-fee agreement; it sued them for breaching the stipulated damages provision only." The Court thus rejected Bellwether's argument that summary judgment was inappropriate because Bellwether was "entitled" to pursue an unpleaded claim for breach of the principal obligation. Because the deadline for amending the pleadings expired long ago, in November 2019, the Court said that Bellwether would have to establish good cause for an untimely amendment under Rule 16(b).

Four weeks after it lost on summary judgment, Bellwether moved to amend its complaint to add two new claims. The first is for stipulated damages "in a reduced amount." The second is for "actual damages caused by the delay in final endorsement." The magistrate judge allowed the amendment over the borrowers' objection.

The magistrate judge began by observing that Rule 16(b) governs Bellwether's request. Under Rule 16(b), the magistrate judge explained, Bellwether had to show "good cause" for its untimely amendment. To decide if Bellwether showed "good cause," the magistrate judge considered four factors: (1) the explanation for Bellwether's untimely amendment; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure prejudice.

The magistrate judge concluded that the first factor, the reason for the delay, was neutral. The magistrate judge agreed

4

with the borrowers that "the explanation offered by Bellwether is somewhat problematic." But the magistrate judge found that the "problematic" explanation did not disfavor the untimely amendment because the borrowers failed to show that Bellwether acted "with a dilatory motive or with an eye towards obtaining a tactical advantage through serial filings."

The magistrate judge concluded that the second factor, the importance of the amendment, favored Bellwether. The amendment is "very important," the magistrate judge observed, because "[i]t is Bellwether's only remaining theory of relief[.]"

The third factor, prejudice, also favored Bellwether, the magistrate judge concluded. The magistrate judge reasoned that the borrowers would suffer "little prejudice . . . if amendment is allowed" because Bellwether's actual damages is "a topic that has already received some attention in discovery." Given the magistrate judge's no-prejudice finding, the magistrate judge did not consider the fourth factor, the availability of a continuance to cure prejudice.

Because the magistrate judge determined that the first factor was neutral and the second and third factors favored Bellwether, the magistrate judge concluded that Bellwether established good cause for the untimely amendment.

Now, the borrowers appeal.

5

I.

A.

A party may appeal a non-dispositive ruling of the magistrate judge to the district judge. See FED. R. CIV. P. 72(a). The district judge must consider a timely objection and "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). A finding is "clearly erroneous" if the Court is "left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); cf. St. Aubin v. Quarterman, 470 F.3d 1096, 1101 (5th Cir. 206) ("A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole.").

B.

"'Rule 16(b) governs amendment of pleadings after a scheduling order has expired.'" Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc., 892 F.3d 719, 734 (5th Cir. 2018) (quoting S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003)). "'Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" Innova, 892 F.3d at 734-35 (quoting S&W Enters., 315 F.3d 536).

To decide whether to allow an untimely amendment, a court considers four factors: "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Innova, 892 F.3d at 735 (quoting S&W Enters., 315 F.3d at 536).

II.

Before turning to the merits, the Court considers a problematic pattern. Bellwether's response to this appeal, like its amendment, was untimely. The borrowers noticed this Rule 72(a) appeal for submission on August 26, so Bellwether's response was due on August 18. See Local Civil Rule 7.5 (response to motion must be filed no later than 8 days before the noticed submission date); Local Civil Rule 72.2 (motion for review of magistrate judge's order "must be noticed for submission to the district judge in the manner provided in these rules for motions").

Bellwether waited until August 24 to file its response to the borrowers' appeal. Bellwether's late response suggests that it thought—wrongly—that it had 14 days to respond under Rule 72(b), which governs objections to a magistrate judge's report and recommendation on a *dispositive* motion. This is an appeal from a *non-dispositive* ruling under Rule 72(a); the Rule 72(b) response period does not apply.

7

Because this is the second untimely filing from Bellwether, a warning is warranted. Counsel for Bellwether are advised to familiarize themselves with the Court's Local Civil Rules and the mandate of 28 U.S.C. § 1927. Counsel are warned that, moving forward, the Court will *sua sponte* strike any untimely filing.

### III.

For their Rule 72(a) appeal, the borrowers contend that the magistrate judge clearly erred in allowing Bellwether's untimely amendment.[2] They ask the Court to reverse the magistrate judge's order and to deny Bellwether's motion for leave to amend.

### A.

First, the borrowers object to the magistrate judge's application of Rule 16(b)'s good-cause standard. They contend that Bellwether did not show good cause, and the magistrate judge clearly erred in holding to the contrary. The Court considers each good-cause objection in turn.

### 1.

For their first good-cause objection, the borrowers say the magistrate judge misapplied the first Innova factor. That factor required the magistrate judge to evaluate Bellwether's explanation

---

[2] It is undisputed that the amendment is untimely and that Rule 16(b) and Innova apply.

for its failure to timely move for leave to amend. Innova, 892 F.3d at 735. The borrowers contend the magistrate judge clearly erred in concluding that this factor favored neither side.

The Court agrees. Infecting the magistrate judge's analysis was a legal conclusion: that the borrowers must show a "dilatory motive." That is wrong. Bellwether bore the burden of adequately explaining its untimely amendment, and its explanation—that it thought it would prevail on stipulated damages—was inadequate. There is a reason why the Federal Rules allow pleading in the alternative, see FED. R. CIV. P. 8(d)(2), and Bellwether knew as early as September 2019 that its stipulated damages provision was susceptible to challenge. Bellwether could and should have pleaded then the fall-back claims it wants to plead now. Its inadequate explanation "is tantamount to no explanation at all." S&W Enters., 315 F.3d at 536.

In holding otherwise, the magistrate judge conflated the Rule 16(b) and Rule 15(a) analyses.[3] Rule 15(a) considerations like

---

[3] The basis for the conflation is a Rule 15(a) case, Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594 (5th Cir. 1981). There, a panel said it is "inappropriate" to deny leave to amend "where the failure to include in the complaint a known theory of the case arises not from an attempt to gain tactical advantages but from a reasonable belief that the theory is unnecessary to the case." Dussouy, 660 F.2d at 598. As a Rule 15(a) case, Dussouy naturally controls the "more liberal" Rule 15(a) analysis. S&W Enters., 315 F.3d at 536. But that "more liberal" analysis should not have applied until *after* Bellwether showed good cause under Rule 16(b).

"dilatory motive" and "attempts to gain tactical advantages" have no place in the Rule 16(b) good-cause analysis. See S&W Enters., 315 F.3d at 536. It is only after good cause is shown that the "more liberal" Rule 15(a) standard and its concomitant considerations become relevant. Id. So the magistrate judge clearly erred in (1) considering "dilatory motive" and "attempts to gain tactical advantages" in the Rule 16(b) good-cause analysis and (2) placing any burden whatsoever on the non-movant borrowers at the Rule 16(b) good-cause stage.

Bellwether inadequately explained its failure to timely move for leave to amend. So the first Innova factor, properly considered, disfavors Bellwether's untimely amendment. The magistrate judge clearly erred in holding to the contrary.

2.

For their second good-cause objection, the borrowers say the magistrate judge misapplied the second factor, the "importance" of the untimely amendment. Innova, 892 F.3d at 735. The borrowers contend the magistrate judge clearly erred in concluding that this factor favored Bellwether. They stress that the amendment is not important because Bellwether waited so long to pursue it. If the

---

Id. The magistrate judge appears to have applied elements of Dussouy and Rule 15(a) *before* finding that Bellwether had shown good cause under Rule 16(b). That was clear error.

amendment were important, Bellwether would have moved to amend earlier.

The Court disagrees. This factor favors Bellwether because the amendment is critical; without it, Bellwether cannot recover against the borrowers for damages caused by the delay in achieving final endorsement. The magistrate judge did not clearly err in concluding that this factor favored Bellwether.

3.

For their third good-cause objection, the borrowers say the magistrate judge misapplied the third factor, "the potential prejudice in allowing the amendment." Innova, 892 F.3d at 735. The borrowers contend the magistrate judge clearly erred in concluding that they would suffer "no prejudice" from the amendment.

This is a close call. The magistrate judge made a few minor misstatements, but the Court is not convinced that she committed clear error. For example, it is true that the magistrate judge said that the theory of liability of the original and amended complaint is "the same." That is incorrect. The theory of the original complaint was that the borrowers breached the extension-fee agreement by failing to pay stipulated damages. By contrast, the theory of the amended complaint is that the borrowers breached the extension-fee agreement by failing to proceed to final endorsement by August 31, 2018.

But that minor mistake was not dispositive. The magistrate judge noted, correctly, that the already-litigated question of the enforceability of the stipulated damages provision depended on the relationship between the stipulated amount and Bellwether's actual damages. From there, the magistrate judge appropriately observed that the parties have conducted some discovery into Bellwether's actual damages. So the Court cannot say that the magistrate judge clearly erred in concluding that the already-conducted discovery favored a finding of no prejudice.

Nor did the magistrate judge clearly err in rejecting the borrowers' additional prejudice arguments. For example, the borrowers contend that they are prejudiced by the amendment because they will need to file responsive pleadings and take additional discovery. But defending against viable claims, as the magistrate judge observed, is not the type of "prejudice" the rule contemplates. See, e.g., 3 Moore's Federal Practice – Civil § 15.15 (2020).

\* \* \*

The magistrate judge clearly erred in applying the first Innova factor but did not clearly err in applying the second and third factors. Because the second and third Innova factors favor the amendment, and only the first factor disfavors it, the

magistrate judge did not clearly err in concluding that Bellwether established good cause for its untimely amendment under Rule 16(b).

B.

Next, the borrowers object to the magistrate judge's analysis under the "more liberal" Rule 15(a) standard. S&W Enters., 315 F.3d 536. They contend that the magistrate judge clearly erred in allowing the amendment despite Bellwether's lack of diligence.

The Court is unpersuaded. At the Rule 15(a) step of the analysis, it was appropriate for the magistrate judge to rely on Dussouy, which instructs that it is "inappropriate" to deny leave to amend "where the failure to include in the complaint a known theory of the case arises not from an attempt to gain tactical advantages but from a reasonable belief that the theory is unnecessary to the case." Dussouy, 660 F.2d at 598. Applying Dussouy, the magistrate found that Bellwether reasonably believed it was unnecessary to assert alternative claims until the Court invalidated the stipulated damages provision. The Court cannot say that this was clear error.

C.

Finally, the borrowers contend that the Court should deny leave to amend because the proposed amendment is futile. Because the borrowers did not raise this argument before the magistrate judge, the Court cannot consider it on appeal. See, e.g., Moore v.

13

Ford Motor Co., 755 F.3d 802, 808 (5th Cir. 2014) (citing Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992)).

IV.

The magistrate judge clearly erred in applying one Innova factor but did not clearly err in applying the remaining three factors or in concluding that Bellwether established good cause for its untimely amendment. Accordingly, IT IS ORDERED: that the order of magistrate judge is AFFIRMED.

New Orleans, Louisiana, August 26, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE