UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BELLWETHER ENTERPRISE REAL ESTATE CAPITAL     CIVIL ACTION

v.     NO. 19-10351
    c/w 19-13058[1]

CHRISTOPHER JAYE, ET AL.     SECTION "F"

ORDER AND REASONS

Before the Court is the defendants' motion to dismiss the plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is DENIED.

**Background**

Several dispositive motions in to this sidewinding breach of contract case,[2] the defendants again urge the Court to deal their adversary a significant blow: this time, complete dismissal of the plaintiff Bellwether Enterprise Real Estate Capital, LLC's Amended Complaint. For all its promise as a harbinger of an end-in-sight to this hard-fought litigation, the motion fails. As detailed

---

[1] This Order and Reasons applies to both consolidated cases.

[2] This Order and Reasons assumes familiarity with the Court's many prior Orders and Reasons in this case. In those decisions, the Court recounted the background of this contractual dispute in great detail. Those decisions – with which the parties are well acquainted - inform the Court's reasoning here.

1

below, Bellwether's Amended Complaint indeed states plausible claims for relief, which compels denial of the motion, and returns the parties to the drawing board.

I.

The defendants seek dismissal with prejudice of Bellwether's entire Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A.

Rule 12(b)(6) allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In determining whether a plaintiff has met this burden, a court must "accept all well-pleaded facts as true and view all facts in the light most favorable to the plaintiff," but must not accord an assumption of truth to conclusory allegations and threadbare assertions. Thompson v. City of Waco, 764 F.3d 500, 502 (5th Cir. 2014).

The foregoing presumptions are not to be applied mindlessly, however. Thus, in considering a motion to dismiss, the Court may review any documents attached to or incorporated into the plaintiff's complaint by reference. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). In addition, the Court may judicially notice matters of public record and other facts not subject to reasonable dispute. See United States *ex rel.* Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003). Of particular note here, the Court is also free to consider prior items in a case's record. See In re Chinese Mfd. Drywall Prods. Liab. Litig., 759 F. Supp. 2d 822, 828 (E.D. La. 2010) ("[A] court may take judicial notice of items in the record of the case . . . in reviewing a motion to dismiss.").

B.

Applying this standard to each layer of the defendants' motion, the Court finds no basis for dismissing Bellwether's Amended Complaint.

1. Bellwether Has Not Failed to Plead an "Entry of Default"

The defendants first assert that Bellwether has failed to allege that it placed the defendants in default for their failures to achieve "final endorsement" of the underlying mortgage loan by the deadline imposed by the Extension Fee Agreement (EFA) and its companion documents. The defendants contend that this fact is

fatal to Bellwether's hopes of recovering any damages out of any such breach.

The defendants correctly note that the Court viewed Bellwether's alleged failure to place the defendants into default as potentially lethal to Bellwether's entitlement to stipulated damages at an earlier stage of this case.  See Order and Reasons Granting in Part and Denying in Part Motion to Dismiss Counterclaims of Christopher Jaye and Kristi Morgan at 14 n.3 (E.D. La. Dec. 11, 2019).  However, with a clearer focus on the issue as presented in *this* procedural posture, it is clear that Bellwether has in fact pled that the defendants were placed into default.  In addition to other possible reasons the Court declines to address for prudential purposes, this is the case because Louisiana law[3] provides that:

> When a term for the performance of an obligation is either fixed, *or is clearly determinable by the circumstances*, the obligor is put in default by the mere arrival of that term.  In other cases, the obligor must be put in default by the obligee, but not before performance is due.

LA. CIV. CODE art. 1990 (emphasis added).

Applying this clear statement of Louisiana law and the required presumptions on a motion to dismiss, the Court determines that the Amended Complaint meets its factual and legal burdens in

---

[3] The substantive law of Louisiana governs in this diversity case.  Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

4

this regard.  The EFA obliged the defendants to pay an extension fee if final endorsement had not occurred on or before August 31, 2018, and Bellwether alleges that that date came and went without final endorsement.  Thus, assuming the truth of Bellwether's allegations and reading the parties' agreements in a reasonable way, Bellwether has stated a plausible claim that the defendants were "put in default by the mere arrival of" a fixed date on which they began to assume contractual obligations with which they did not fully comply.[4]  See id.

    2.    <u>Bellwether States a Claim for Reduced Stipulated Damages</u>

The defendants next contend that the Court must dismiss Bellwether's newly asserted plea for *reduced* stipulated damages because one of the Court's prior summary judgment holdings is tantamount to a ruling that stipulated damages are categorically unavailable to Bellwether because of the general unenforceability of the EFA's stipulated damages provision.  In the context of a 12(b)(6) motion to dismiss, this argument is also unavailing.

Indeed, although the Court did hold that the EFA's stipulated damages provision was "unenforceable as a matter of Louisiana law," it also observed the possibility that it could "reduce the

---

[4]     Indeed, this is not a contractual situation where "default" is much of a question.  Unlike a party who can reasonably assume that its obligations have been performed successfully, a party that has every reason to know of its obligation to begin paying a fee on a fixed date is placed on reasonable notice of its default by its own failure to do so on its agreed timeline.

5

stipulated [damages] amount rather than declare the entire stipulated damages provision unenforceable."  See Order and Reasons on Cross-Motions for Summary Judgment at 24 n.7, 31 (E.D. La. June 10, 2020).  The cases the Court cited in support of that proposition remain good law.  See Carney v. Boles, 643 So.2d 339, 344 (La. App. 2d Cir. 1994); Philippi v. Viguerie, 606 So. 2d 577, 580 (La. App. 5th Cir. 1992); see also LA. CIV. CODE art. 2012 (permitting judicial modifications of stipulated damage amounts that "are so manifestly unreasonable as to be contrary to public policy").  In the Amended Complaint, Bellwether asks the Court to order a reduced amount of stipulated damages as an alternative remedy.  That is a valid tack to take under Louisiana law.

In the context of this motion to dismiss, the Court declines to join in the defendants' excursion away from blackletter law that plainly recognizes a valid remedy Bellwether has elected to pursue as the master of its own complaint.  While the Court may ultimately prove loath to order such a remedy, it is nonetheless a plausible option for Bellwether to seek.

    3.   <u>Bellwether Likewise States a Claim for Actual Damages</u>

The defendants also assert that Bellwether has failed to state a plausible claim for *actual* damages.[5]  In the defendants' view,

---

[5]    After the Court deemed the EFA's stipulated damages provision unenforceable, Bellwether amended its complaint to seek an alternative remedy of actual damages.

6

this is so for three reasons: first, because the defendants are not parties to the principal obligation arising from the loan documents;[6] second, because the Amended Complaint fails to specify a particular contractual provision that creates the principal obligation it claims breach of; and third, because Bellwether fails to allege that the defendants breached any principal obligation.

Bellwether bases its relatively straightforward breach of contract suit on the EFA, which bears the defendants' names and signatures. The EFA provides within its four corners that the Obligors (including the defendants) shall be liable for stipulated damages if final endorsement is not achieved by August 31, 2018. See Am. Compl. ¶ 11 (quoting EFA ¶ 1). Thus, when drawing all reasonable inferences in Bellwether's favor, it is plausible – if not likely - that the defendants have breached a shared obligation to effect a timely final endorsement under the EFA (the contractual validity of which is undisputed). The theoretical origin of that obligation and the precise wording of the Amended Complaint are of little concern at this juncture. Cf. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981) ("The form of the complaint is not significant if it alleges facts upon which relief

---

[6] The parties dispute whether the "primary obligation" of achieving final endorsement of the underlying construction loan arises from the "loan documents" or from the EFA itself. The Court views this distinction as much ado about nothing. See infra.

7

can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim.").

    4.    <u>Bellwether Also States a Claim for Attorneys' Fees</u>

The defendants lastly maintain that Bellwether is precluded from stating a plausible claim for attorneys' fees (and related remedies) because the Court has recognized that the EFA is unenforceable – and because, therefore, if the Court *were* to grant reduced stipulated damages, such an award would not be premised on the EFA's stipulated damages provision, but instead on a "court-fashioned" remedy.  This contention is similarly unpersuasive.

The defendants cite a handful of Louisiana cases for the proposition that "[a]n award of attorneys' fees cannot be based upon the provisions of a null, unenforceable contract."  Under this line of cases, Bellwether's claim for attorneys' fees would indeed be doomed if the EFA were in fact unenforceable in its entirety.  However, the Court has never issued such a ruling and is bound in this context to assume the validity and enforceability of the unaddressed provisions of the EFA, which include, as relevant here, a provision that requires the defendants to pay "all reasonable attorneys' fees and all costs and other expenses incurred . . . in enforcing this Agreement."  <u>See</u> EFA ¶ 5(b).[7]

---

[7]     The EFA also provides that "[i]n the event that any of the provisions of this Agreement are held to be unenforceable or void, the remaining provisions herein shall remain in full force and effect."  EFA ¶ 5(a).

Bellwether's action is clearly brought in an attempt to enforce the EFA.  Therefore, Bellwether has stated a plausible claim that, if the Court finds that the defendants have breached the EFA, Bellwether will be able to demonstrate an entitlement to attorneys' fees, costs, and expenses under the EFA's fee-shifting provision.

\*   \*   \*

Because Bellwether's claims for relief are facially plausible under Louisiana law, there are no grounds to dismiss the Amended Complaint under Rule 12(b)(6).

Accordingly, IT IS ORDERED: that the defendants' motion to dismiss is DENIED.

New Orleans, Louisiana, September 30, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE